In the Matter of the Transfer Tax upon the Estate of LESLIE W·
MAY, Deceased.*

Surrogate's Court, Westchester County, February 2, 1926.

Taxation — transfer tax — Tax Law, § 230, providing for imposition of " highest rate " means rate which beneficiary would pay under any contingency — said provision does not refer to amount of money paid to State — interest of widow and son must be taxed as life estate where one of contingencies herein is that interest of either may be life estate.

Section 230 of the Tax Law, which provides that when property is transferred in trust or otherwise and the rights, interest or estate of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated or extended, a tax shall be imposed upon said transfer at the " highest rate " which, in the happening of any of said contingencies, would be possible, means the rate which a beneficiary would pay under any contingencies and does not refer to the amount of money paid to the State as a transfer tax.

Accordingly, the interest of a widow and son must be taxed as a life estate where one of the contingencies is that the estate of either may be a life estate, since that is the highest estate either may have.

PROCEEDING to fix transfer tax.

*Peterson, Steiner & Kohan,* for the executors.

*Charles A. Curtin,* for the State Tax Commission.

SLATER, S. The State Tax Commission conceded that an estate for years is less than an estate for life. If the estate of the widow and son is taxed as an estate for years, the remainder will fall within the five per cent class and a greater tax will be paid to the State of New York. When section 230 of the Tax Law (as amd. by Laws of 1925, chap. 144) states that the " highest rate " shall be imposed, it means the rate which a beneficiary would pay

---

* Affd., 217 App. Div ——.

under any contingency, and does not refer to the amount of money paid to the State. The "highest rate" which the mother or son would pay under any contingency is the rate which would be taxable to them were their interests assessed as a life estate. One of the contingencies in the instant case is that the estate of the mother or the son may be a life estate. This is the highest estate either may have. The interest of the widow and son, therefore, should be taxed as a life estate.

Decreed accordingly.